# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-2619
_____

United States of America

*Plaintiff - Appellee*

v.

Kylir Dorsey

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: July 14, 2026
Filed: July 17, 2026
[Unpublished]
_____

Before LOKEN, L.R. SMITH, and BENTON, Circuit Judges.
_____

PER CURIAM.

Kylir Dorsey appeals after he pled guilty without a plea agreement to possessing a firearm as a felon. The district court[1] sentenced him to a within-Guidelines-range prison term of 46 months. His counsel has moved for leave to

---

[1]The Honorable Stephen R. Clark, Chief Judge, United States District Court for the Eastern District of Missouri.

withdraw, and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), challenging the denial of Dorsey's motion to withdraw his plea. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Upon careful review, this court concludes that the district court did not abuse its discretion in denying Dorsey's motion to withdraw his guilty plea. *See United States v. Green*, 521 F.3d 929, 931 (8th Cir. 2008) (standard of review). Rather, this court finds that Dorsey knowingly and voluntarily entered into his plea. The plea colloquy confirmed that he discussed the ramifications of pleading guilty with counsel, he understood the elements of the charge, his plea was supported by a factual basis, and he was not coerced into pleading guilty. *See United States v. Osei*, 679 F.3d 742, 746-47 (8th Cir. 2012) (affirming denial of motion to withdraw guilty plea where defendant testified clearly regarding the factual basis for his guilty plea, responded coherently when asked whether he had adequately conferred with counsel, and indicated he understood and accepted that his plea would be final); *see also Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's representations during plea-taking carry a strong presumption of verity).

This court also concludes that Dorsey failed to establish a fair and just reason for withdrawal of the plea. His former counsel's complained-of actions did not relate to the elements of the charged crime, and his statements made under oath at the change-of-plea hearing—particularly, his multiple admissions that he possessed the firearm—refute the assertions in his motion. *See United States v. McHenry*, 849 F.3d 699, 706 (8th Cir. 2017) (allegations that contradict defendant's statements at plea hearing are inherently unreliable); *United States v. Cline*, 27 F.4th 613, 616 (8th Cir. 2022) (affirming denial of motion to withdraw plea where argument was unsupported by statements made under oath at plea hearing); *see also Osei*, 679 F.3d at 747 (legal innocence claim that was contradictory and not credible did not render court's refusal to allow defendant to withdraw his plea an abuse of discretion).

To the extent Dorsey intended to raise a claim of ineffective assistance of counsel not directed to the voluntariness of his plea, this court declines to consider

such a claim on direct appeal. *See United States v. Sims*, 171 F.4th 1044, 1047 (8th Cir. 2026) (declining to consider such a claim, noting that these are generally reserved for post-conviction proceedings where a factual record may better be developed). Further, having independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), this court finds no non-frivolous issues for appeal.

The judgment is affirmed and counsel's motion to withdraw is granted.

_____